# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO ALFREDO GIMENEZ GIL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER, et al.,<br><br>Respondents. | Case No.: 3:25-cv-03279-DMS-VET<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING** |

On November 25, 2025, Petitioner filed a petition for writ of habeas corpus ("Petition"). (Pet., ECF No. 1). Respondents filed a return ("Return"). (Return, ECF No. 7). Petitioner did not file a reply.

Respondents represented in their Return that on July 13, 2024, Petitioner was placed in removal proceedings under 8 U.S.C. § 1229a, issued a Notice to Appear, and released from custody on humanitarian parole. (Return 2). On June 24, 2025, Petitioner's case was dismissed during an immigration court appearance. (*Id.*). On the same day, Petitioner was detained by Immigration and Customs Enforcement, issued a new Notice and Order of Expedited Removal, and placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). (*Id.*). Respondents did not parole Petitioner. (*See id.*). Petitioner then requested asylum or protection under the Convention Against Torture. (*Id.*). Petitioner

1  was interviewed by a Citizenship and Immigration services asylum who made a "positive
2  determination" on Petitioner's case. (*Id.* at 2–3). Petitioner was issued a new Notice to
3  Appear, re-charged with inadmissibility under § 1182(a)(7)(A)(i)(I), and re-placed in
4  removal proceedings under § 1229a. (*Id.* at 3). He has since been mandatorily detained
5  under § 1225(b)(1)(B)(ii). (*Id.*).

6        The Petition asserts that Petitioner's detention violates the Fifth and Fourteenth
7  Amendment's Due Process Clauses and the Eighth Amendment's protection against
8  excessive punishment. (Pet. 2–4). Petitioner mainly argues that the length of his detention
9  is unconstitutional. (*See id.*). Without deciding the merits of Petitioner's argument, the
10 Court finds that dismissing Petitioner's pending removal proceedings and soon thereafter
11 initiating new expedited removal proceedings without providing parole or an opportunity
12 to be heard may raise due process concerns under *Mathews v. Eldridge*. 424 U.S. 319
13 (1976); *see Noori v. Larose*, No. 25-cv-1824, 2025 WL 2800149, at *11–12 (S.D. Cal. Oct.
14 1, 2025); *Munoz Materano v. Arteta*, --- F. Supp. 3d ----, 2025 WL 2630826, *11–16
15 (S.D.N.Y. Sept. 12, 2025). It appears this practice has been increasingly employed
16 following the implementation of the January 2025 Designation, Office of the Secretary,
17 Dep't of Homeland Security, Designating Aliens for Expedited Removal, 15 Fed. Reg.
18 8139 ("2025 Designation"). *Noori*, 2025 WL 2800149, at *4–5.

19       Accordingly, the Court **ORDERS** Respondents to file a supplemental return, no later
20 than **Friday, December 12, 2025**, at **4:30 PM**, addressing the following issues:

21       (1) whether Petitioner's parole was revoked prior to the dismissal of his removal
22 proceedings on June 24, 2025;

23       (2) whether the dismissal of Petitioner's removal proceedings and initiation of
24 expedited removal proceedings without parole or an opportunity to be heard violates
25 Petitioner's due process rights under *Mathews v. Eldridge*; and

26       (3) whether the 2025 Designation applies to individuals, like Petitioner, who entered
27 the United States prior to its effective date.

28

Petitioner may file a reply no later than **Monday, December 15, 2025**, at **4:30 PM**.[1]

**IT IS SO ORDERED.**

Dated:  December 9, 2025

Hon. Dana M. Sabraw
United States District Judge

---

[1] Because Petitioner did not file an initial reply, Petitioner may not respond to arguments contained in Respondents' initial Return.